IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**NATHANIEL W. ELLIBEE,**

                **Plaintiff,**

    v.                                        **CASE NO.08-3189-SAC**

**RAYMOND ROBERTS, et al.,**

                **Defendants.**


**O R D E R**

This matter is before the court on a civil complaint[1] filed under 42 U.S.C. § 1983.[2] Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se and has paid the $350.00 district court filing fee.

Plaintiff claims he is being denied appropriate footwear. Plaintiff states there is medical confirmation in his record that he needs narrow width size thirteen boots, and states he has been allowed to purchase such boots in the past. He claims officials at the El Dorado Correctional Facility, Central Unit (EDCF-C), however, disallowed plaintiff's request to purchase new boots and recreational shoes, and failed to provide boots that fit plaintiff's

---

[1] Plaintiff's motion to amend his complaint is granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff may amend his complaint "once as a matter of course" prior to defendants filing their response to the complaint.

[2] Plaintiff correctly cites 28 U.S.C. §§ 1331 and 1343(a) as establishing this court's jurisdiction to hear claims seeking relief under 42 U.S.C. § 1983 for the alleged violation of plaintiff's federal constitutional rights. Plaintiff's assertion of jurisdiction under other federal statutes is unnecessary or legally frivolous.

narrow feet.  Having reviewed plaintiff's extensive allegations, the court finds this matter is subject to being summarily dismissed as stating no claim for relief under 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

It is well established that 42 U.S.C. § 1983 itself creates no substantive rights; it merely provides a remedy for deprivations of federal rights established elsewhere.  <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808 (1985).  To sustain a cause of action based on 42 U.S.C. § 1983, a plaintiff must establish two elements: (1) that he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) that the act or omission causing the deprivation was committed by a person acting under color of law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  It is also established that a prison official's deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment and presents a claim under 42 U.S.C. § 1983.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).

In the present case, however, plaintiff's allegations fail to present any deprivation of constitutional significance for the purpose of proceeding under 42 U.S.C. § 1983.

Plaintiff acknowledges that EDCF-C provided him narrow footwear in 2007, but complains the boots were slick soled, inappropriate for work, and without traction for walking in inclement weather.  Plaintiff states this was contrary to the lug-soled boots all other Kansas inmates are issued or allowed to purchase.  When plaintiff

2

fell in January 2008 while wearing the boots provided by EDCF-C, he injured his wrist and missed four days of work.

Plaintiff names five EDCF defendants in action, regarding the denial of his request for a special order to purchase shoes, and responses to plaintiff's related administrative grievances. Plaintiff additionally names three defendants in the Kansas Department of Corrections (KDOC) for upholding the denial of his administrative grievances, as having authority over all KDOC staff, and as approving application of a Kansas prison regulation to plaintiff's request for a special purchase order. Plaintiff claims all defendants acted in concert to retaliate against plaintiff for exercising his constitutional right to file grievances and lawsuits. He seeks a declaratory judgment, nominal and punitive damages, and injunctive relief for the issuance of a KDOC regulation that specifically addresses narrow width footwear needs.

The court finds these allegations, even when liberally construed and assumed as true, are insufficient to state a plausible claim of constitutional significance against any defendant.

Plaintiff's dissatisfaction with the footwear provided by defendants, and his challenge to a state prison regulation, present no cognizable constitutional claim for the purpose of seeking relief under 42 U.S.C. § 1983. *See* Hudson v. McMillian, 503 U.S. 1, 9 (1992)("extreme deprivations are required to make out a conditions-of-confinement claim"); Jones v. City & County of Denver, Colo., 854 F.2d 1206, 1209 (10th Cir. 1988)(§ 1983 provides relief for violations of federal law by individuals acting under color of state law, but provides no basis for relief for alleged violations of state law). Nor do the allegations suggest deliberate

indifference by any defendant to an objectively serious medical need of plaintiff.  See Farmer v. Brennan, 511 U.S. 825, 847 (1994)(Eighth Amendment claim requires a culpable state of mind — that the officer subjectively knew of and deliberately disregarded a serious risk). Plaintiff's allegations of retaliation by defendants are conclusory at best, with no showing that a retaliatory motive was the "but for" cause of any defendant's actions.  See Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998). Additionally, plaintiff's allegations regarding the handling or disposition of his administrative grievances states no claim for relief because plaintiff has no right to either a grievance procedure or a particular response. See e.g. Baltoski v. Pretorius, 291 F.Supp. 2d 807, 811 (N.D.Ind. 2003)(dismissing claims that corrections officers violated plaintiff's rights by failing to respond to his complaints, noting "the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy")(citation omitted).

*Notice and Show Cause Order to Plaintiff*

For these reasons, the court directs plaintiff to show cause why the amended complaint should not be summarily dismissed as stating no claim for relief.  See 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action [filed by a prisoner]...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the amended complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion to amend the

4

complaint (Doc. 2) is granted.

    IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the amended complaint should not be dismissed as stating no claim for relief.

    **IT IS SO ORDERED.**

    DATED:  This 14th day of January 2009 at Topeka, Kansas.


                                            s/ Sam A. Crow
                                            SAM A. CROW
                                            U.S. Senior District Judge