IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NATHANIEL W. ELLIBEE,**

                       **Plaintiff,**

     v.                                         **CASE NO.08-3189-SAC**

**RAYMOND ROBERTS, et al.,**

                       **Defendants.**

### O R D E R

Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se on an amended complaint seeking relief under 42 U.S.C. § 1983. Officials at the El Dorado Correctional Facility (EDCF) are named as defendants based upon their denial of plaintiff's request for a special order purchase of boots, and their responses to plaintiff's related administrative grievances. Officials in the Kansas Department of Corrections (KDOC) are named as defendants based upon their role in denying plaintiff's administrative grievances, as having authority over all KDOC staff, and as responsible for Kansas prison regulations applied to plaintiff's request for a special purchase order. Plaintiff claims all defendants acted in concert to deny his request to purchase boots, and claims such action was in retaliation for plaintiff exercising his constitutional right to file grievances and lawsuits. Plaintiff seeks declaratory judgment, nominal and punitive damages, and injunctive relief for the issuance of a KDOC regulation that specifically addresses narrow width footwear needs.

The court reviewed plaintiff's allegations and directed

plaintiff to show cause why the amended complaint should not be dismissed as stating no claim for relief because plaintiff's allegations of being denied appropriate and proper footwear for his narrow width feet did not state a cognizable claim that plaintiff was subjected to cruel and unusual treatment.  The court further found plaintiff's allegations of retaliation were conclusory at best, and that plaintiff's allegations regarding the handling of his administrative grievance and offers to purchase boots stated no claim for relief.   In response, plaintiff contends the court failed to recognize that plaintiff was asserting an actionable claim of being denied his right under Equal Protection Clause, and argues the amended complaint is sufficient to establish a viable claim of retaliation and to establish personal participation by KDOC defendants in their handling of his administrative grievance and requests for approval to purchase boots.   Having reviewed plaintiff's pleadings, the court continues to find the amended complaint remains subject to being dismissed.

Plaintiff states he has been previously provided or allowed to purchase narrow width size thirteen boots and shoes dating back to 1993, but officials at the EDCF Central Unit (EDCF-C) disallowed his offers in 2006 and 2007 to purchase new boots, and failed to provide work boots that fit his narrow feet.  Plaintiff states he was provided narrow width walking shoes in 2006 which were slick soled and inappropriate for work, and in 2006 or 2007 was provided boots that were too wide.  It appears plaintiff then proceeded to document his need for narrow width boots and seek approval to special purchase such boots, and requested modification of the prison regulation.  Plaintiff states these requests were either ignored or

2

denied.[1]  Plaintiff broadly claims this was contrary to the lug-soled boots all other Kansas inmates were issued or allowed to purchase, and contends he was thereby treated differently than similarly situated prisoners.

*Equal Protection*

As to plaintiff's contention of an equal protection violation, plaintiff complains of being denied the opportunity to purchase proper fitting lug soled boots as "all other prisoners" are allowed to do, and suggests this action was contrary to existing prison policies.  Plaintiff states he alone is being treated differently from similarly situated prisoners, and thus is advancing a "class of one" claim.  *See* In Village of Willowbrook v. Olech, 528 U.S. 562 (2000)(recognizing "class of one" theory of equal protection)(per curiam).  Plaintiff correctly notes that under the circumstances, only a rational basis standard applies because no discrimination against a suspect class or any burden on a fundamental right is involved.  Romer v. Evans, 517 U.S. 620, 631 (1996); Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 432 (10th Cir. 1998).

The Supreme Court has recognized equal protection claims brought by a "class of one" "where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Willowbrook, 528 U.S. at 564.  "The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a

---

[1] Plaintiff also states he fell and was injured in January 2008 while wearing the slick soled shoes, and missed four days of work.

3

statute or by its improper execution through duly constituted agents." Id. (quotation marks and citations omitted). To succeed on a such a claim, plaintiff must be able to prove he was "singled out for persecution due to some animosity," meaning that defendants' actions were a "spiteful effort to 'get' [him] for reasons wholly unrelated to any legitimate state activity." Mimics, Inc. v. Village of Angel Fire, 394 F.3d 836, 849 (10th Cir. 2005)(*quoting* Bartell v. Aurora Pub. Sch., 263 F.3d 1143, 1149 (10th Cir. 2001)). Such claims also "require compelling evidence of other similarly situated persons who were in fact treated differently." Bruner v. Baker, 506 F.3d 1021, 1029 (10th Cir. 2007)(*quoting* Jennings v. City of Stillwater, 383 F.3d 1199, 1215 (10th Cir. 2004)).

In the present case, plaintiff's allegations are too bare on their face to plausibly establish that he was intentionally treated differently from similarly situated prisoners in violation of his rights under the Equal Protection Clause.

Notably, plaintiff references a 2006 administrative determination that he "refused" boots offered to him that plaintiff found to be too wide, but he does not clearly or sufficiently allege that other prisoners deemed to have refused boots were allowed an opportunity thereafter to purchase boots of their choice. *See e.g.*, Neilson v. D'Angelis, 409 F.3d 100, 104-05 (2d Cir. 2005)("class of one" equal protection claim must allege an "extremely high" level of similarity with comparable person to whom plaintiff's circumstances are "prima facie identical"), *overruled on other grounds*, 531 F.3d 138, 139-40 (2nd Cir. 2008); Racine Charter One, Inc. v. Racine Unified School Dist., 424 F.3d 677, 680 (7th Cir. 2005)(similarly situated individuals for purpose of equal protection claim by "class

4

of one" must be prima facie identical to plaintiff in all relevant respects or directly comparable in all material respects)(quotations and citations omitted).

Further, plaintiff cites administrative responses dating from January 2006 through April 2007 to at least one grievance about his need for special width boots and being denied an opportunity to purchase his own boots, but fails to provide copies of such responses or to detail the reasons given in those responses for refusing plaintiff's request.  Plaintiff's conclusory statement of noncompliance with prison regulations in denying his special purchase requests, and his acknowledgment that prison regulations do not specially address special sized footwear, is insufficient to overcome the presumption that discretionary decisions in managing a prison population are rationally related to a legitimate penal purpose.

But more significantly, plaintiff's reliance on a "class of one" claim is misplaced.  The Supreme Court has recently recognized that a "class of one" equal protection claim may not be asserted where the government is granted "significantly greater leeway in its dealings with citizens, noting "some forms of state action ... which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments.... treating like individuals differently is an accepted consequence of the discretion granted to governmental officials."  Engquist v. Oregon Dept. of Agr., --- U.S. ----, 128 S.Ct. 2146, 2154 (2008).  While Engquist involved an equal protection claim arising in the context of public employment, the rationale of that holding arguably extends to a prison setting where government officials must make subjective

5

discretionary decisions,[2] and it is well accepted that courts are to afford prison officials great deference in their management of correctional facilities. *See* Hewitt v. Helms, 459 U.S. 460 (1983); Hutto v. Finney, 437 U.S. 678 (1976); Wolff v. McDonnell, 418 U.S. 539, 566 (1974); Ramos v. Lamm, 713 F.2d 546, 563 (10th Cir. 1983).

*Retaliation*

Plaintiff also contends defendants' denial of his offer(s) to purchase narrow width boots was in retaliation for plaintiff's litigation efforts. In support, plaintiff cites a history of being allowed to purchase boots since 1999, details eighteen cases he filed in federal and state courts between 2002 and 2008, and cites the denial of his offer(s) in 2006 and 2007 to be allowed to purchase work boots. The court continues to find these bare assertions, in light of the circumstances alleged in plaintiff's pleadings, are insufficient to plausibly find that "but for" his litigation plaintiff's request to be allowed to purchase boots would not have been denied. Plaintiff's conclusory claim of retaliation remains subject to being summarily dismissed.

*Personal Participation*

Likewise, plaintiff's attempt to hold KDOC officials responsible for their role in denying plaintiff's administrative grievance and offers to purchase his own boots, in failing to respond to plaintiff's direct mailing about his boot situation, and

---

[2]*See e.g.,* Upthegrove v. Holm, 2009 WL 1296969, *1 (W.D.Wis. May 7, 2009)(Engquist's rationale precludes applying the class-of-one theory in context of a prison employee's decision about what an inmate could wear at a particular time); Adams v. Meloy, 287 F.App'x 531, 534 (7th Cir. 2008)(applying Engquist to discretionary parole decisions); Siao-Pao v. Connolly, 564 F.Supp.2d 232, 245 (S.D.N.Y. 2008)(same).

in failing to amend prison regulations is unavailing. Plaintiff's attempt to style these actions as "participation" for the purpose of establishing the personal participation necessary for an actionable claim against these defendants is rejected. No separate independent constitutional claim is presented by defendants' processing of plaintiff's grievance and informal requests, even if plaintiff could present viable equal protection and retaliation claims against EDCF-C defendants.

### Conclusion

Accordingly, for the reasons stated herein and in show cause order dated January 14, 2009, the court continues to find plaintiff's claim of retaliation against all defendants in the amended complaint should be dismissed, and directs plaintiff to show cause why plaintiff's claim of being denied his rights under the Equal Protection Clause of the Fourteenth Amendment by all defendants should not also be summarily dismissed as stating no claim for relief. See 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the amended complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 30th day of September 2009 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge