IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NATHANIEL W. ELLIBEE,**

    **Plaintiff,**

  v.            CASE NO.08-3189-SAC

**RAYMOND ROBERTS, et al.,**

    **Defendants.**

### O R D E R

  Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se on an amended complaint seeking relief under 42 U.S.C. § 1983. The court reviewed the amended complaint and directed plaintiff on January 14, 2009, to show cause why it should not be dismissed as stating no claim for relief. In response, plaintiff pointed out the court's failure to address plaintiff's allegations of unequal treatment and retaliation. By an order dated September 30, 2009, the court addressed plaintiff's equal protection and retaliation claims, and again directed plaintiff to show cause why the amended complaint should not be dismissed as stating no claim for relief. Having reviewed plaintiff's response, the court dismisses the amended complaint.

  *Equal Protection*

  In the order entered on September 30, 2009, the court found plaintiff's allegations of unequal treatment in providing or allowing plaintiff to purchase special narrow width footwear were insufficient to establish a cognizable "class of one" equal protection claim. In response, plaintiff contends the court erred in finding plaintiff was attempting to advance a class of one equal

protection claim, and nonetheless argues his allegations are sufficient to avoid summary dismissal of a class-of-one claim. The court disagrees.

Plaintiff's allegations clearly center on defendants' alleged unequal treatment of him individually rather than as a member of any identified class. Accordingly, the court reviewed plaintiff's allegations against the requirements for stating a class-of-one claim for violating the Equal Protection Clause. *See* <u>In Village of Willowbrook v. Olech</u>, 528 U.S. 562 (2000)(recognizing class-of-one theory of equal protection)(per curiam).[1] *See also* <u>Mimics, Inc. v. Village of Angel Fire</u>, 394 F.3d 836, 848-49 (10th Cir. 2005)(applying class-of-one analysis where plaintiffs did not allege they were part of an identifiable group).

The Tenth Circuit has observed that "[i]n the paradigmatic class-of-one case, a public official inflicts a cost or burden on one person without imposing it on those who are similarly situated in material respects, and does so without any conceivable basis other than a wholly illegitimate motive." <u>Jicarilla Apache Nation v. Rio Arriba County</u>, 440 F.3d 1202, 1209 (10th Cir. 2006). To proceed on such a claim, a plaintiff must demonstrate intentional unequal official action that was "objectively irrational and abusive." <u>Id</u>. at 1211. Plaintiff must also show that similarly

---

[1] In <u>Engquist v. Oregon Dept. of Agr.</u> __ U.S. __, 128 S.Ct. 2146, 2151 (2008), the Supreme Court held "the class-of-one theory of equal protection does not apply in the public employment context." Plaintiff correctly states the Tenth Circuit Court of Appeals has not applied <u>Engquist</u> to exclude application of the "class of one" theory to claims involving discretionary decisions by prison officials in their management of a prison. This court continues to believe the rationale in <u>Engquist</u> would be appropriate to such decisions, but finds the amended complaint should be dismissed even without application of <u>Engquist</u>.

2

situated persons were treated different, an "exceedingly difficult burden" in class-of-one cases. Id. at 1212-13. Courts recognize they are to proceed "cautiously" in applying a class-of-one theory to an equal protection claim, and must be sensitive "against turning even quotidian exercises of government discretion into constitutional causes." Id. at 1209.

In the present case, plaintiff documents his need for size 13-AA footwear, and his attempt in September 2006 to secure proper fitting work boots because his tennis shoes were not appropriate for his new work release assignment. A pair of narrow boots was ordered, which plaintiff refused in October 2006 as not narrow enough for a proper fit. Again in March 2007, boots with insoles were ordered, which plaintiff refused as not properly fitting. Thereafter, prison officials attempted but failed to find any extra narrow boots meeting prison regulations that would fit plaintiff. In April 2007, plaintiff's request to purchase size 13-AA Redwing work boots was refused, noting the Redwing boot did not comply with prison regulations.[2] The April 2007 response indicated tennis shoes would be ordered as the only available footwear that fit plaintiff's requirements and met prison regulations. In April 2008, plaintiff renewed his request for lug-soled work boots, stating size 13-AA boots by Redwing were available. Responses thereafter stated that

---

[2]Plaintiff states he was provided or allowed to purchase special order Redwing boots in 1993 and 1996 at two other correctional facilities, and in 1999 at EDCF-C. Although plaintiff maintains there have been no material changes in prison policies regarding inmate footwear from those dates to the present, he does not allege the Redwing boots available in 2007 and later have not been changed in a manner that rendered them noncompliant with prison regulations, and does not indicate the boots special ordered for other prisoners were Redwing boots.

3

Bull Run boots were acceptable and were plaintiff's only choices, notwithstanding plaintiff's observation that none appeared available in his special size.[3]

Although plaintiff identifies other inmates who were provided or allowed to purchase special sized shoes, his ability to establish compelling evidence of being treated differently than similarly situated prisoners is hampered where none are identified as having feet for which no prison-compliant boot could be found.[4]  However, even if plaintiff were to be able to satisfy such a showing, the court finds the circumstances fail to provide a factual basis for plausibly finding the conduct of any defendant was objectively abusive and irrational.  See Mimics, Inc. v. Village of Angel Fire, 394 F.3d 836, 849 (10th Cir. 2005)(to succeed on "class-of-one" claim, plaintiff must be able to prove he was "singled out for persecution due to some animosity," as a "spiteful effort ... for reasons wholly unrelated to any legitimate state activity"). Because plaintiff fails to plead a cognizable claim of being denied his rights under the Equal Protection Clause, the court concludes this claim should be dismissed.

*Retaliation*

It is well established that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his

---

[3] Three months later, plaintiff again requested that appropriate footwear be provided or approved for plaintiff's purchase, and attached a copy of the lawsuit he intended to file if his request was not resolved.

[4] *See* Bruner v. Baker, 506 F.3d 1021, 1029 (10th Cir. 2007)("class-of-one" equal protection claims "require compelling evidence of other similarly situated persons who were in fact treated differently")(citation and quotation marks omitted).

constitutional rights. Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990). An inmate claiming retaliation must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights," Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir. 1990), and be able to establish that "but for" a retaliatory motive the actions being challenged would not have occurred, Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998).

In the present case, the court continues to find plaintiff's allegations of retaliation by defendants in failing to provide plaintiff with proper and appropriate footwear are conclusory and wholly insufficient to plausibly establish that but for plaintiff's submission of administrative grievances and his filing of numerous lawsuits in state and federal courts, defendants' handling of his requests for special footwear would have been more favorable.

Conclusion

Accordingly, for the reasons stated herein and in the show cause orders entered on January 14 and September 30, 2009, the court concludes the amended complaint should be dismissed as stating no claim for relief.

IT IS THEREFORE ORDERED that the amended complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED: This 27th day of January 2010 at Topeka, Kansas.

    s/ s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge