IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**NATHANIEL W. ELLIBEE,**

                **Plaintiff,**

     v.                                      CASE NO.08-3189-SAC

**RAYMOND ROBERTS, et al.,**

                **Defendants.**


## O R D E R

Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se on an amended complaint seeking relief under 42 U.S.C. § 1983. On January 27, 2010, the court dismissed the amended complaint as stating no claim for relief. Before the court is plaintiff's motion for reconsideration, which the court treats as a timely filed motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter and amend the judgment entered in this matter.

The Tenth Circuit has held that "[g]rounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). Thus a Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. It is not appropriate to use a Rule 59(e) motion "to

revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*.

The court dismissed plaintiff's claims of unequal treatment, finding plaintiff's allegations failed to establish a factual basis for plausibly finding a cognizable equal protection claim. Plaintiff reiterates his challenge to the court's application of a "class of one" standard to this claim, and continues to argue his claim is entitled to "strict scrutiny" analysis.

The court also found the amended complaint presented no plausible claim of retaliation. Plaintiff challenges this finding, and again advances his argument that defendants' actions can be reasonably considered retaliatory on the face of the record.

The court has previously addressed these issues, and finds plaintiff's invitation to revisit them is denied.

In his motion, plaintiff further claims the court's dismissal of the amended complaint failed to address plaintiff's challenge to the court's finding that defendants' participation in the grievance process did not show the requisite personal participation required to state an actionable claim. However, the Tenth Circuit Court of Appeals, has repeatedly noted "that 'the denial of ... grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants. *Whitington v. Ortiz*, 307 Fed.Appx. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting *Larson v. Meek*, 240 Fed.Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)).

Accordingly, finding no merit to plaintiff's contention that the court has misapprehended material facts or appropriate law, and finding no modification is required to prevent manifest injustice,

2

the court denies plaintiff's motion for reconsideration.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. 12) is denied.

**IT IS SO ORDERED.**

DATED: This 28th day of September 2010 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge